UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONE C. HARRIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 1:09-cv-1416-TWP-DKL<br>Case No. IP 04-CR-91-01-P/F |

**ENTRY REGARDING MOTION FOR RELIEF PURSUANT TO 28
U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY**

For the reasons explained in this Entry, the motion of Antone Harris ("Mr. Harris") for relief pursuant to 28 U.S.C. § 2255 (Dkt. 1) must be **DENIED**. In addition, the Court finds that a certificate of appealability should not issue.

**I. BACKGROUND**

In June 2005 a jury convicted Mr. Harris on one count of possession with intent to distribute more than fifty grams of a mixture containing cocaine base in Case No. IP 04-91-CR-01-P/F. *United States v. Harris*, 531 F.3d 507, 509 (7th Cir. 2008). Mr. Harris now challenges that conviction. His claims are that he was denied the effective assistance of counsel and that the Government wrongfully withheld exculpatory information.

**II. DISCUSSION**

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of

the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.  *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991).

The Court will address Mr. Harris claims in turn.

A. **Effective Assistance of Counsel**

Mr. Harris asserts that he was denied effective assistance of counsel.  The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense.  *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (*per curiam*) (*citing Strickland v. Washington,* 466 U.S. 668, 687 (1984)).  To establish that his "counsel's assistance was so defective as to require reversal" of his conviction, Mr. Harris must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (*quoting Strickland,* 466 U.S. at 688).  In order to show prejudice from a counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . .'" *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (*quoting Strickland,* 466 U.S. at 694); *see also Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland,* 466 U.S. at 694.

2

Mr. Harris asserts that his trial counsel's performance was ineffective because counsel failed to attend the change of plea hearing of his co-defendant, Douglas Tate ("Mr. Tate"); failed to secure a transcript of Mr. Tate's change of plea proceeding; and did not compel Mr. Tate to testify at Mr. Harris's trial. These snippets are historically accurate, but constitutionally insignificant.

The premise of Mr. Harris's ineffective assistance of counsel claim is that evidence from Mr. Tate would have been helpful to his defense. However, Mr. Harris has not made such a showing. *See United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987) ("When the allegation of the ineffectiveness of counsel centers on a supposed failure to investigate, we cannot see how . . . the petitioner's obligation can be met without a comprehensive showing as to what the investigation would have produced.").

The expanded record shows that Mr. Harris attempted to call Mr. Tate as a witness during the second day of Mr. Harris's trial. Outside the presence of the jury, Mr. Tate asserted his Fifth Amendment privilege against self-incrimination and therefore could not be called as a witness at Mr. Harris's trial in June 2005. At that time, Mr. Tate had not yet been sentenced. In these circumstances, Mr. Tate could not be compelled to testify at Mr. Harris's trial. *See United States v. Longstreet,* 567 F.3d 911, 922 (7th Cir. 2009) ("Because Kincaid had not been sentenced when asked to testify, he retained the ability to invoke his guarantee against self-incrimination."). A written stipulated factual basis was filed in the case against Mr. Tate and is part of the expanded record here. That document contains no statements or information which Mr. Harris could have presented as exculpatory. The same is true of the written plea agreement between the United States and Mr. Tate filed on September 20, 2005, in Case No. IP 05-140-CR-B/F. Mr. Tate was ultimately sentenced in Case No. IP 05-140-CR-B/F on November 30, 2005. The transcript of Mr. Tate's November 30, 2005, change of plea and sentencing hearing in Case No. IP

3

05-140-CR-B/F is also part of the expanded record in this case. That transcript is no different as to how Mr. Harris is mentioned or as to Mr. Tate's own involvement in the offense than are the documents referenced above.

Based on the foregoing, there is no "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (*quoting Strickland*, 466 U.S. at 694). In short, there was nothing in the failures attributed to Mr. Harris's counsel that prejudiced Mr. Harris in the sense required by *Strickland*. This is the end of the required analysis because a court "need not consider the first prong of the *Strickland* test if [it] find[s] that counsel's alleged deficiency did not prejudice the defendant." *Berkey v. United States,* 318 F. 3d 768, 772 (7th Cir. 2003); *see also Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000) (*citing Strickland*, 466 U.S. at 697).

**B.     Brady Violation**

Next, Mr. Harris asserts that the Government failed to disclose exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). The specific evidence he claims was suppressed was exculpatory information provided at Mr. Tate's guilty plea hearing on November 30, 2005.

*Brady* requires "that the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley,* 514 U.S. 419, 432 (1995) (citations omitted). To establish a *Brady* violation, a defendant must show: (1) evidence favorable to the defendant (2) that is suppressed by the prosecution, (3) resulting in material prejudice to the defendant. *Newell v. Hanks*, 335 F.3d 629, 632 (7th Cir. 2003).

The nature of statements provided by Mr. Tate has already been reviewed in conjunction with Mr. Harris's *Strickland* claim. The nature of those statements was not exculpatory with respect to Mr. Harris. On the contrary, the statements in which Mr. Harris was referenced tended to show Mr. Harris as the "leader" and Mr. Tate as the "follower" in the drug enterprise. There was no exculpatory evidence to be had from Mr. Tate's guilty plea. There is no *Brady* violation where evidence does not exist. *See, e.g., United States v. Edwards*, 442 F.3d 258, 266-67 (5th Cir. 2006) ("the prosecution has no duty [under *Brady*] to turn over to the defense evidence that does not exist"); *United States v. Sanchez*, 251 F.3d 598, 603 (7th Cir. 2001) (same). There is, likewise, no obligation on the part of the government to *create* evidence which it must then disclose pursuant to *Brady*. *Richards v. Solem,* 693 F.2d 760,766 (8th Cir. 1982) ("Although the state has a duty to disclose evidence, it does not have a duty to create evidence."); *United States v. Sukumolachan,* 610 F.2d 685, 687 (9th Cir.1980) ("*Brady* . . . does not require the government to create exculpatory material that does not exist."). There was no *Brady* violation relative to Mr. Tate's guilty plea.

### III. CONCLUSION

The foregoing circumstances show that Mr. Harris is not entitled to relief pursuant to 28 U.S.C. ' 2255. Accordingly, his motion for relief pursuant to § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**. Judgment consistent with this Entry shall now issue. Mr. Harris's current address as shown below shall be noted on the docket.

### CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2255 Proceedings, and 28 U.S.C. ' 2253(c), the Court finds that Mr. Harris has failed to show that reasonable jurists would find this Court's "assessment of the constitutional claims debatable

5

or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED**.

Date: 03/29/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana


DISTRIBUTION:

Gerald A. Coraz
OFFICE OF THE UNITED STATES ATTORNEY
gerald.coraz@usdoj.gov

Antone C. Harris, #07559-028
FCI Pollock
P.O. Box 4050
Pollock, Louisiana   71467